IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRISTAN MAURICE MARKS,<br><br>Defendant. | Case No.  1:18-cr-0078  CW<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>Judge Clark Waddoups |

Defendant Tristan Maurice Marks moves for compassionate release.  Mr. Marks seeks release based on COVID-19 risk factors.  Because the grounds for compassionate release have not been satisfied, the court denies Mr. Marks' motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 25, 2018, Mr. Marks ran from police as they attempted to execute a search warrant on a residence.  Statement in Advance of Plea, at 3 (ECF No. 27).[1]  When officers apprehended and searched him, they found the following:

> a loaded magazine of ammunition, as well as 12.96 grams of methamphetamine (the officer estimated this to be a 64-day supply of methamphetamine), THC oil DAB, and two marijuana pipes, $2,000, and a Utah Driver's License for [another person] (the investigation revealed [the person] was a victim of fraud and his identification had been used to cash fraudulent checks).

---

[1] When the court cites a page in the record, it refers to the ECF number at the top of the page and not pagination at the bottom of the page.

Presentence Rpt., at 4 (ECF No. 32). Mr. Marks was indicted on federal counts for being a felon in possession of ammunition and possession of methamphetamine with intent to distribute. Indictment, at 1 (ECF No. 1). He faced a mandatory minimum sentence of 5 years, with a guideline range of 77 months to 96 months based on "a criminal history category of VI." Presentence Rpt., at 19. Based on a Rule 11(c)(1)(C) agreement, the ammunition charge was dismissed, and Mr. Marks was sentenced to 60-months imprisonment. Statement in Advance, at 4 (ECF No. 27); Judgment, at 1 (ECF No. 35).

Mr. Marks was transferred temporarily to the CoreCivic Cimarron Correctional Facility in Oklahoma as he waited for placement in a Bureau of Prisons ("BOP") facility. Mot. to Reduce Sentence, at 2 (ECF No. 38). He asserts he contracted COVID at CoreCivic because it took no precautions to protect inmates. *Id.* at 1. He further asserts "he is in an elevated risk category" for COVID-19 complications due to health issues, including high blood pressure and hepatitis C. *Id.* at 1, 3. He experienced "terrible pain" and struggled "to breathe and . . . lost his sense of smell and taste, so it [was] hard to eat." *Id.* at 3. "[H]e was placed into quarantine," and his transfer to a BOP facility "was postponed indefinitely." *Id.* at 2.

Mr. Marks moves the court for immediate release so he can "return to friends and family" at an unspecified location "in the Salt Lake City area," and socially "distance and provide self-care." *Id.* at 3. Mr. Marks did not petition a warden for compassionate release because there is no warden at CoreCivic. *Id.* at 6. Moreover, due to his COVID symptoms, he contends pursuing the administrative process would have resulted in undue prejudice to him. *Id.*

On March 1, 2021, Mr. Marks "tested negative for COVID-19." Supp. Resp. to Def. Mot. to Reduce, at 2 (ECF No. 43); Med. Rec., at 5 (ECF No. 44-1). He was scheduled for transfer on

March 2, 2021. Med. Rec., at 13. He is now "at FCI Florence, a medium security federal correctional facility in Florence, Colorado." Supp. Resp. to Def. Mot., at 2 (ECF No. 43). He is scheduled for release on August 28, 2022.

Although Mr. Marks has recovered from COVID and is at a different facility, he contends he faces "the same risks and problems inherent in the BOP's managing of the COVID-19 pandemic." Reply to Gov't Opp'n, at 1 (ECF No. 45).

## ANALYSIS

Mr. Marks moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which was amended under the First Step Act to state the following:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . *extraordinary and compelling reasons* warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Even if the court accepts that Mr. Marks did not have to exhaust administrative remedies, under the facts stated above, Mr. Marks has failed to show an extraordinary and compelling reason for a reduction in sentence. He is no longer at CoreCivic and has recovered from COVID. His new conditions at FCI Florence are unspecified. He has an extensive criminal history and was sentenced below the guideline range. Having considered the totality of the § 3553(a) factors, the court concludes a reduction in sentence is not warranted.

## CONCLUSION

For the reasons stated above, the court DENIES Mr. Marks' motion for compassionate release (ECF No. 38).

DATED this 2nd day of April, 2021.

BY THE COURT:

Clark Waddoups
United States District Judge